IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

FIFTH THIRD BANK,

          Plaintiff,

v.                                      CIVIL ACTION NO. 3:08-0210

MCCLURE PROPERTIES, INC.,
VICTOR MCCLURE,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants Victor A. McClure and McClure Properties, Inc.'s motion to stay (Doc. #81). For the reasons stated below, Plaintiff's motion is **DENIED**.

**Background**

On July 9, 2010, the Court entered a Memorandum Opinion and Order granting summary judgment in favor of Plaintiff Fifth Third Bank and ordering the bank to file an accounting, explaining the amount due, within 14 days. Defendants were then provided 7 days to submit any response to Plaintiff's accounting. In conformity with the Court's Order, on July 23, 2010, Fifth Third submitted an affidavit from Dolly K. Rekhi Abbot, Vice President/Special Assets Relationship Manager of Fifth Third, attesting that the McClure Defendants owe a total sum of $2,376,236.23 to the bank. The amount claimed includes the principal sum on the loan, accrued and unpaid interest, late charges, legal fees, and the costs of collection and enforcement. The affidavit provides a detailed list for each type of expense.

On July 26, 2010, Defendant McClure Properties, Inc. filed a Notice of Bankruptcy Stay,

informing the Court that the company filed a petition in bankruptcy under Chapter 11, which, pursuant to 11 U.S.C. § 362(a), automatically stays these proceedings against McClure Properties. On August 2, 2010, Defendants filed the instant motion, requesting a stay based on McClure Properties' bankruptcy action. The motion notes that Defendant Victor McClure intends to file bankruptcy "in the near future" and, in the case that a stay is denied, requests a 60-day extension of time to file a response to Fifth Third's accounting, in the alternative. The same day, Fifth Third filed a response in opposition to Defendants' motion to stay. The bank argues that this action should proceed against Victor McClure, individually, as guarantor. Further, Fifth Third opposes the 60-day extension, arguing: (1) that the company's bankruptcy proceeding should not affect the calculation of the amount owed to Fifth Third, and (2) that such delay would frustrate the bank's ability to perfect a judgment lien against Victor McClure "outside of the 90-day period prior to filing of a bankruptcy petition in which Fifth Third's judgment lien could be avoided as preferential in accordance with Section 547 of the Bankruptcy Code." *See* Doc. 82.

## Analysis

As conceded by Fifth Third, the Chapter 11 bankruptcy proceeding by McClure Properties automatically stays this action against the company. *See* 11 U.S.C. § 362(a). Accordingly, the case is **ORDERED STAYED** insofar as Defendant McClure Properties is concerned. However, the automatic stay provided by 11 U.S.C. § 362(a) is debtor-specific and the Fourth Circuit has repeatedly held that "the remaining co-defendants cannot avail themselves of the automatic stay provisions" of the statute. *Williford v. Armstrong World Indus., Inc.,* 715 F.2d 124, 126 (4th Cir. 1983); *see also Winters v. George Mason Bank*, 94 F.3d 130, 133 (4th Cir. 1996) ("It is well settled that the automatic stay does not apply to non-bankrupt codebtors, nor does the automatic stay

prevent actions against guarantors of loans.") (citations omitted). "In 'unusual circumstances' a court, pursuant to § 362, may properly stay proceedings against non-bankrupt codefendants of the bankrupt debtor." *Credit Alliance Corp. v. Williams*, 851 F.2d 119, 121 (4th Cir. 1988). However, no such "unusual circumstances" are demonstrated here. There is nothing "unusual" about the guaranty agreement between Victor McClure and Fifth Third that permits Victor McClure to invoke the protection of § 362. To the contrary, "[t]he very purpose of a guaranty is to assure the creditor that in the event the debtor defaults, the creditor will have someone to look to for reimbursement." *Id.* at 122 (quoting *Rojas v. First Bank Nat'l Ass'n*, 613 F.Supp. 968, 971 (E.D. N.Y. 1985)) (internal brackets omitted). Consequently, the motion is **DENIED** insofar as Victor McClure requests a stay pursuant to § 362.

Additionally, the Court finds that Defendants have failed to show that a discretionary stay is warranted and the motion is **DENIED**, accordingly. This Court has the discretion to stay an action pursuant to its inherent power in equity and to efficiently manage its own docket. *Williford*, 715 F.2d at 127. This power is well recognized. However, it is not without limit. *Id.* (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936)). "The suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* (citing *Landis*). Defendants' motion does not make this required showing. Conversely, although it notes Victor McClure is likely to file bankruptcy, it provides no evidence or argument to support a "case of hardship or inequity in being required to go forward." Consequently, the request for a discretionary stay is **DENIED**.

The Court further **DENIES** Victor McClure's request for a 60-day extension. The Court **FINDS** that Victor McClure has had ample time to review the accounting filed by Fifth Third, on

July 23, 2010. Accordingly, the Court **ORDERS** any response shall be submitted on or before Friday, **August 6, 2010.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: August 3, 2010

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE